LittletoN, Judge,
delivered the opinion of the court:
This suit was instituted to recover $2,778.87, interest paid on April 21,1925, on a portion of an additional tax for 1916 assessed July 28,1919, and paid May 1, 1923, upon the rejection of the claim for abatement.
The plaintiff prepared and duly filed with the collector for the district of Georgia, on February 26, 1917, an income-tax return for the calendar year 1916 showing a total tax liability of $1,494.30 which was duly assessed by the commissioner on April 17, 1917, and paid June 14, 1917. Thereafter the commissioner discovered that the return so filed was erroneous and on July 28, 1919, assessed an additional tax of $30,706.70 for 1916.
October 13, 1919, the plaintiff filed with the collector a claim for the abatement of $12,925 of the additional assessment, and collection of that portion thereof was thereupon stayed. Thereafter, on October 13, 1919, the plaintiff paid the balance of the additional assessment of $17,781.70 under protest.
The commissioner examined, considered, and audited the plaintiff’s claim for abatement and on April 6, 1923, notified the plaintiff by letter of that date that the claim was re *255 jected. The plaintiff received notice and demand from the collector on April 18,1923, for the payment of the additional tax of $12,925 covered by the abatement claim which had been rejected, plus $5,816.25 as interest thereon at the rate of 1 per cent per month for a period of 45 months. On May 1, 1923, plaintiff paid under protest the tax of $12,925 demanded by the collector and on the same day filed with the collector a claim asking the abatement of $5,816.25, interest computed and demanded by the collector, on the ground that the plaintiff was not liable for the payment of interest.
The amount of interest so computed by the collector and included in his notice and demand was erroneous and was recomputed by the commissioner in the amount of $2,778.87. On August 22, 1923, the last-mentioned amount of interest was assessed by the commissioner. Thereafter, in March, 1925, the commissioner rejected the claim for abatement of the interest in its entirety. The commissioner did not mail to the plaintiff a notice of his rejection of the abatement claim. Thereafter, in April, 1925, the collector notified the plaintiff that the interest of $2,778.87 must be paid within ten days thereafter, and on April 21, 1925, plaintiff paid the same under protest.
The commissioner did not at any time subsequent to June 1, 1924, mail to the plaintiff a notice under sections 274 (a) or 280 of the revenue act of 1924 that he had made a determination of a deficiency in tax or a determination with respect to interest for the taxable year 1916.
April 19, .1929, the plaintiff, acting through a duly appointed and designated attorney in fact, filed with the commissioner a claim for refund on Form 843 of additional tax theretofore paid and, likewise, asking for the refund of the interest paid thereon. The basis of the claim was “ that the additional tax and/or interest for the taxable year 1916 was assessed and/or collected at a time when the commissioner was without a legal right so to do; or, at a time when the assessment and/or collection was barred by the statute of limitations applicable thereto.”
The commissioner considered the claim for refund and by letter of September 26, 1929, to the plaintiff, advised the at *256 torney in fact that “ Your claim for refund will be rejected in full. The rejection will officially appear on the next schedule to be approved by the commissioner.” Thereafter the commissioner advised the attorney in fact for the plaintiff that the “ rejection of the claim was made under date of October 10,1929, on Schedule #15593.”
Until recently it was not the regular practice of the Commissioner of Internal Revenue to prepare and sign a schedule of rejection of claims in every case.
The defendant demurs to the petition on the grounds, first, that it was filed more than five years after the payment of the tax and more than two years after rejection of the refund claim, which rejection, it is contended, occurred on July 31, 1929; and, secondly, that upon the facts set forth in the petition the plaintiff is not entitled to recover the interest sued for.
The questions presented in this case have been considered and decided this date by this court in Savannah Bank & Tr. Co. et al., Executors, v. United States, M-316 [Ante, p. 245], and in Moltz et al., Executors, v. United States, M-317 [Ante, p. 251]. For the reasons stated in these cases we hold that the plaintiff herein is not entitled to recover.
The demurrer is sustained and the petition is therefore dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; GREEN, Judge; and Booth, Chief Justice, concur.